(Court of Appeal, Parish of Orleans).

## SUCCESSION OF IRIDORE SIMON IN RE. CLAIM OF ALIDA LOPEZ.

1. Where one renders services beneficial to another at his request, a contract for renumeration is implied, for no one is presumed to serve gratuitously.
2. Where one has performed valuable services to the decedent during his life at his request under a promise of renumeration in the form of a legacy, and such promise is not performed, an action for recovery for these services upon a *quantum meruit* may be maintained on equitable grounds against his estate.

Appeal from the Civil District Court, Division "A."

Lazarus, Michel & Lazarus, for plaintiff and appellant.

Charles F. Claiborne, for defendant and appellee.

GODCHAUX, J.—Alida Lopez, the appellee, presents a two-fold claim against the Succession of Isidore Simon:

**First.** For the recovery of jewelry (or its value), donated to her by manual gift by the deceased and by her subsequently deposited with him for safe keeping.

**Second.** For the recovery of the sum of $650, on a **quantum meruit,** for services rendered decedent as clerk and manager of his store during the year preceding his death.

The manual gift of the jewelry by the deceased to the claimant, to whom he was engaged to be married, is fully established by the testimony of several credible witnesses who were present on that occasion. To attack the verity of plaintiff's claim, the defense relies upon the fact that the claimant failed to assert her ownership of the jewels when, in her presence, they were found in the decedent's bank box at the time it was vainly searched in an effort to find a testament; but her failure to assert

ownership at this time is fully and satisfactorily explained by the record which shows that she was extremely excited on that occasion; had been cautioned by her attorney to keep her peace; and had been threatened with dismissal from the meeting by the succession representative if she persisted in disturbing the proceedings.

The defense further claims that her testimony as to having deposited the jewels with decedent should not be believed because it is shown that she possessed at the time one or more bank-boxes of her own in local bank vaults where the jewels might have been safely kept. Considering the relationship of the parties, it is not unusual or remarkable that she should have preferred to have entrusted their safe-keeping to the one from whom she had received them; and, in any event, this minor incident alone, is not sufficient to authorize the rejection of her testimony which is so fully and strongly corroborated upon the other and more salient features of the transaction.

The judgment appealed from ordered the delivery of the jewelry or the payment of their value and there is no error therein in that regard.

## II.

As to the claim for compensation for services rendered, the record discloses with certainty that at decedent's request Alida Lopez entered his employ on January 1, 1905, and continued therein until May 1, 1905, when she went to Europe; that on her return from Europe in October, 1905, she resumed her position and maintained same till his death in December of that year. She occupied the position of clerk and assistant manager and during his absence from the city, as well as during the sickness which resulted in his death, she conducted the business and acted as his sole representative. Her duties required her constant attendance during business hours and at

night she attended to the closing and locking of the store. She formerly kept a boarding house where the decedent who resided next door, took his meals and paid her for them. She testifies she performed these services with the understanding that she would be renumerated; that decedent had repeatedly told her that she was his sole legatee and promised also to compensate her by purchasing real estate for her. She is corroborated by Mrs. Augaud who testified that decedent told her that everything he had belonged to Alida Lopez who had taken charge of things for him during his absence.

The gift of the jewelry by decedent to the claimant was made at the time and apparently in celebration of their engagement, in September, 1904; but during his life decedent failed to compensate her for her services and at his death no will was found, so that his entire estate, inventoried at $38,000, was inherited by his surviving brothers and sisters.

> "When services are rendered of a valuable nature in the expectation of being renumerated in the will of the person to whom they are rendered and an implied promise to that effect has been held out to the party performing the same and he is not mentioned in the will, he will be entitled to reasonable compensation out of the estate of the deceased."
>
> Succession of McNamara, 48 An. 45; Mimmo vs. Walker, 14 An. 581.
>
> "Where one renders valuable services to another at his request, an implied contract for renumeration is raised."
>
> Beall vs. Van Bibber, 19 An. 434; Succession of Penenihet, 23 An. 294; Camfrancq vs. Phille, 1 An. 197.

The claim of the defence that the relationship of the parties was such as to rebut the presumption that the services were not gratuitous, is not well founded, for

without relying upon the case where a daughter, a step-daughter and a nephew, respectively, were compensated for services rendered their deceased relative (**Succession of Newton, 33 An. 621; Successin of Stuart, 48 An. 1484; and Succession of Dickey; 41 An. 1010**), it appears in the present instance that plaintiff's claim rests, not solely upon the mere presumption of her claim being non-gratuitous, but mainly upon the express promise of the decedent, which was not fulfilled, to compensate her either in his will or by buying her a house during his life—a promise which can neither be rebutted nor destroyed by proof of the existence of his engagement to marry the claimant.

The nature, value and extent of the services rendered as shown by the record fully justify the amount allowed by the judgment of the lower court on this branch of the case.

It is accordingly ordered that the judgment appealed from be affirmed.

January 10, 1911.

Rehearing refused, March 20, 1911. ,

Writ denied by Supreme Court, April 25, 1911.